UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

    Plaintiff,

v.

MICHAEL SCOTT SANDERS,

    Defendant.
_____/

Hon. Robert J. Jonker

Case No. 2:17-cr-00026-RJJ-1

## SUPPLEMENTAL REPORT AND RECOMMENDATION

Pursuant to W.D. MICH. L.CR.R. 11.1, I conducted a change of plea hearing in the captioned case on November 2, 2017, after receiving the written consent of defendant Michael Scott Sanders and all counsel. The hearing was conducted by video teleconference, with defendant and counsel for both parties in the Marquette, Michigan, federal courtroom, and myself in a Grand Rapids, Michigan, federal courtroom. Through the video connection, defendant Sanders could see me and I could see him.

At the hearing, defendant Sanders pled guilty to Count 1 of the Indictment, charging him with being a felon in possession of a firearm, a violation of 18 U.S.C. § 922 (g)(1). (Minutes, ECF No. 24). Defendant signed a written plea agreement, which included a consent to have a Magistrate Judge preside over the change of plea hearing. (ECF No. 21, PageID.34-35). On November 3, 2017, I recommended that

the District Judge accept defendant's guilty plea and adjudicate him guilty of the charge in Count 1. (Report & Recommend., ECF No. 25, PageID.46).

Following the hearing, it came to my attention that the use of video teleconferencing violated defendant Sanders' right under Federal Rule of Criminal Procedure 11 to be in the same courtroom as the presiding judicial officer. That rule provides, in relevant part, that "the court must address the defendant *personally* in open court." FED. R. CRIM. P. 11(b) (emphasis supplied). In my opinion, video conferencing – even when the defendant can see the presiding judicial officer – does not satisfy the requirement of addressing the defendant "personally in open court." That rule plainly requires that the judicial officer and the defendant be in the same courtroom.[1] Moreover, there is no provision that allows a defendant to consent to a video plea.

Accordingly, I conducted a status conference with defendant Sanders on December 12, 2017. (Minutes, ECF No. 30). During that conference, I explained to the defendant the requirements of Rule 11(b), and I offered to travel to Marquette to conduct another change of plea hearing in conformity with that rule. I directed counsel for defendant Sanders to discuss the matter with him privately after the status conference and to inform the court as to his preferences in this regard. On January 2, 2018, counsel for defendant Sanders filed a waiver of the defendant's

---

[1] By contrast, Rule 10 allows the court to conduct an arraignment by video teleconferencing, with the defendant's consent. *See* FED. R. CRIM. P. 10(c).

"right to have the Magistrate Judge personally preside over his change of plea hearing in this matter." (ECF No. 33).

In light of defendant Sander's waiver, in this instance, I recommend that defendant's guilty plea to Count 1 of the Indictment be accepted, that the court adjudicate defendant guilty, and that the written plea agreement be considered for acceptance at the time of sentencing. As stated in the original report and recommendation, acceptance of the plea, adjudication of guilt, acceptance of the plea agreement, and imposition of sentence are specifically reserved to the District Judge.

Counsel are advised that the undersigned judicial officer will no longer conduct change of plea hearings by video teleconferencing.

Date: January 2, 2018        /s/ Phillip J. Green
                             PHILLIP J. GREEN
                             United States Magistrate Judge

**NOTICE TO PARTIES**

You have the right to de novo review of the foregoing findings by the district judge. Any application for review must be in writing, must specify the portions of the findings or proceedings objected to, and must be filed and served no later than14 days after the plea hearing. See W.D. MICH. L.CR.R. 11.1(d).